## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 22-13919 EEB |
| REVELATIONS IN CHRIST MINISTRIES, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| REVELATIONS IN CHRIST MINISTRIES, | ) | Adv. Proc. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FUSION FUNDING LLC and JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Revelations in Christ Ministries, by and through its counsel Wadsworth Garber Warner Conrardy, P.C., hereby submits this Complaint, and in support thereof states and alleges as follows:

### Jurisdiction and Venue

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), and (F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. Revelations in Christ Ministries consents to entry of final orders and judgment by the Bankruptcy Court.

1

## Parties

6. Plaintiff Revelations in Christ Ministries ("RIC") filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 7, 2022 (the "Petition Date") and is operating as a debtor in possession §§ 1107 and 1108 of the Bankruptcy Code, Bankruptcy Case No. 22-13919 EEB.

7. Defendant Fusion Funding LLC ("Fusion") is a limited liability company organized under the laws of Florida.

8. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a nationally chartered bank.

## General Allegations

9. On or about May 12, 2022, RIC and Fusion entered into a Future Receivables Sale and Purchase Agreement (the "Agreement") wherein Fusion loaned RIC $200,000 to be repaid in the amount of $292,000 from certain receivables.

10. Debtor was unable to locate a UCC-1 Financing Statement in the records of the Colorado Secretary of State identifying Fusion as a creditor.

11. Sometime in August of 2022, in the Connecticut Superior Court, Hartford Judicial District, Fusion commenced an action against RIC to enforce the Agreement (the "State Court Case").

12. On or about August 18, 2022, Fusion filed in the State Court Case an Application for Ex-Parte Prejudgment Remedy to levy RIC's bank accounts at Chase (the "Accounts").

13. At some time after August 18, 2022, and before the Petition Date, Fusion levied or attached more than $55,000 (the "Funds") in the Accounts (the "Levy").

14. RIC has demanded that Fusion return the Funds. Fusion has failed or refused to do so.

## FIRST CLAIM FOR RELIEF
### (Avoidance, Recovery and Preservation Pursuant to 11 U.S.C. §§ 547(b), 550 and 551 – Against Fusion)

15. RIC incorporates by this reference the allegations contained in paragraphs 1 through 14 above as though more fully set forth in this First Claim for Relief.

16. The Levy was a transfer of property of RIC as defined in § 101(54) of the Bankruptcy Code (the "Transfer").

17. The Transfer was made to or for the benefit of Fusion.

18. The Transfer was made on account of an antecedent debt owed by RIC to Fusion before such Transfer was made.

19. At the time of the Transfer, RIC was insolvent.

20. The Transfer was made on or within 90 days before the Petition Date.

21. The Transfer enabled Fusion to receive more than Fusion would receive if: (a) RIC's case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) Fusion received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

22. The Transfer is avoidable based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under § 547(c) of the Bankruptcy Code.

23. Pursuant to § 550 of the Bankruptcy Code, RIC is entitled to recover, for the benefit of the RIC's bankruptcy estate, the avoided Transfer, or the value thereof.

24. Pursuant to 11 U.S.C. § 551 of the Bankruptcy Code, the avoided Transfer is preserved for the benefit of RIC's bankruptcy estate.

WHEREFORE, RIC respectfully requests that the Court enter judgment in its favor and against Fusion (a) avoiding the Transfer pursuant to 11 U.S.C. § 547(b); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided Transfer or the value thereof from Fusion; (c) preserving the avoided Transfer pursuant to 11 U.S.C. § 551, and (d) granting such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Turnover Pursuant to 11 U.S.C. § 542 – Against Both Defendants)

25. RIC incorporates by this reference the allegations contained in paragraphs 1 through 24 above as though more fully set forth in this Second Claim for Relief.

26. Section 542(a) of the Bankruptcy Code requires "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

27. The Funds may be used to administer RIC's bankruptcy estate and are of consequential value.

28. Accordingly, Fusion and Chase must turn over the Funds to RIC.

WHEREFORE, RIC respectfully requests that that the Court enter judgment in its favor and against Defendants (a) requiring immediate turn over of the Funds pursuant to 11 U.S.C. § 542(a), and (b) granting such other relief as the Court deems appropriate.

Dated this 4th day of November 2022.

        Respectfully submitted,

        WADSWORTH GARBER WARNER CONRARDY, P.C.

        */s/Aaron J. Conrardy*
        David V. Wadsworth, #32066
        Aaron J. Conrardy, #40030
        2580 West Main Street, Suite 200
        Littleton, Colorado 80120
        303-296-1999 / 303-296-7600 FAX
        dwadsworth@wgwc-law.com
        aconrardy@wgwc-law.com
        *Attorneys for Revelations in Christ Ministries*